

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,181-02

### EX PARTE EDDIE JOE DELK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W94-39758-I (B) IN THE CRIMINAL DISTRICT COURT NUMBER TWO FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Delk v. State*, No. 05-96-00731-CR (Tex. App.—Dallas July 21, 1998) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because he did not advise him that a conviction in this case carried an automatic life sentence. Applicant further contends that, had he been advised of this consequence, he would have accepted a twenty-five year plea offer from the State and not proceeded to trial. The trial court recommends relief be denied

under laches. However, the State responds, in pertinent part:

> It is the State's position that Applicant has failed to prove that defense counsel rendered ineffective assistance under *Strickland*. Beyond the self-serving allegations in his application, Applicant presents no proof in support of his contentions. The State recognizes, however, that further evidence regarding defense counsel's representation may be needed. To that end, the State requests that this Court gather evidence by requesting an affidavit from Applicant's attorney, Mr. George Ashford, III, which provide the information needed to dispose of Applicant's claims. Pending production of evidence supporting Applicant's allegations, the State denies Applicant's allegations.

While we agree with the trial court that laches may be applicable to this case, we also agree with the State that, at this time, a response from counsel is necessary to the resolution of the issue in this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

The record reflects that Applicant is represented by counsel. However, if this is no longer the case, and if the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 7, 2016
Do not publish